FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 20 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JAMES V. O'BRIEN, III,

      Plaintiff,

v.

POLK COUNTY, GEORGIA, et al.,

      Defendants.

CIVIL ACTION

NO. 4:05-CV-221-RLV

O R D E R

This is an action pursuant to 42 U.S.C. § 1983, in which the plaintiff alleges that the defendants, the City of Cedartown, Georgia, Cedartown Police Officer Craig Payton, and Polk County, Georgia[1], violated his due process rights by not issuing an arrest warrant for Officer Payton. Pending before the court are defendants Officer Payton and the City of Cedartown's motion for judgment on the pleadings [Doc. No. 12] and Polk County's motion for entry of a final judgment under Federal Rule of Civil Procedure Rule 54(b)[2] [Doc. No. 11].

---

[1] Defendant Polk County was previously dismissed from this suit.

[2] Rule 54(b) provides a mechanism for entering judgment when the court has adjudicated fewer than all the claims in a complaint.

1

## I. Procedural History

On September 20, 2005, the plaintiff, who is proceeding *pro se*, filed a handwritten complaint in the Superior Court of Polk County, Georgia, alleging that the defendants violated his due process rights under the Fourth Amendment of the United States Constitution by not issuing an arrest warrant for defendant Officer Payton.  On October 24, 2005, the defendants removed this suit to the United States District Court for the Northern District of Georgia, and the case was assigned to Judge Harold L. Murphy.  On October 27, 2005, Polk County filed a motion for judgment on the pleadings.  On December 7, 2005, Judge Murphy granted Polk County's motion.   On December 9, 2005, Officer Payton and the City of Cedartown filed a motion for judgment on the pleadings.  On December 13, 2005, the plaintiff requested Judge Murphy to "remove himself from the case" due to an alleged conflict of interest [Doc. Nos. 13 and 14].[3]  On December 15, 2005, Judge Murphy recused himself from this matter [Doc. No. 15].  After reassignment, this

---

[3] The court notes that the plaintiff filed the same response brief twice in error.  In his "Reply to Summary Judgement, Request for Denial of Final Judgment," the plaintiff alleges, "[t]he Judge in these proceedings has a direct conflict of interest when it comes to Defendant Polk County Georgia."  Specifically, the plaintiff alleged, "Judge Murphy is the Judge handling the case of Officer Alan Thomas Glenn of the Polk County Police Department," where it is alleged that there is corruption among the officers of the Polk County Narcotic Enforcement Team.  As a remedy for the alleged conflict of interest, the plaintiff requested that Judge Murphy recuse himself from the current case and a new judge be assigned to to hear this matter.

2

court must now address the pending motions.

## II. Legal Analysis

Rule 12(c) provides that a court may grant judgment on the pleadings only if "the [party asserting the claim] can prove no set of facts in support of his claim which would entitle him to relief." <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998). When ruling on a motion for judgment on the pleadings, a court must accept "all the facts in the complaint as true and 'view them in the light most favorable to the [party asserting the claim]." <u>Id</u>.

In the compliant, the plaintiff alleges that the defendants violated his due process rights. Specifically, the plaintiff contends that he attempted to seek an arrest warrant against defendant Officer Payton and was prevented from doing so. The plaintiff alleges that he went to the Magistrate's office, the Superior Court Clerk's office, the District Attorney's office, the Probate Judge, and the Superior Court Judge seeking the issuance of an arrest warrant and that he was unable to obtain such a warrant against defendant Officer Payton.[4]

---

[4] Attached to the complaint is a police incident report. The police incident report states:

> This report based on a complaint received from Polk Co. 911 who stated that they received a call from a subject at #110 Park Street who stated that he wanted to meet with a County Police Officer. Polk Co. 911 advised the subject that he was located inside the city at [which] time the complainant stated that he did not want to see

3

Defendants Officer Payton and the City of Cedartown argue that the plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, the defendants argue that even if this court were to assume that the defendants could be held liable for the actions and/or inaction of the Clerk of the Magistrate Court or its employees, the Clerk of the Superior Court or its employees, the District Attorney or its employees, and/or other employees of the Probate Court or the Superior Court, the plaintiff's complaint fails to state a claim because none of the

---

a city officer that he wanted a county officer to come to his residence. On arriving at the residence officer was met by the complainant outside the residence on the sidewalk. Complainant stated that he was listening to the police scanner when he heard one of the city police officers had stopped his son. At this time complainant called his son on the cell phone and had asked what was going on. At this point the son let the city officer have the cell phone where the complainant then asked the officer (Payton) what he was holding his son for. At this time the complainant stated that other words were passed between he and Officer Payton. He stated that at this time Officer Payton stated to him if he didn't like what he was doing that he would come to #110 Park Street and get in his face. Complainant stated that after talking with Officer Payton on the phone that two (2) city officers in one vehicle came by his house real slow holding their service weapons up so that he could see them. The complainant asked that a report be made of the incident. Officer at this time left the residence. (original all in capital letters).

Defendants Officer Payton and the City of Cedartown argue that "looking at the incident report attached to [the] plaintiff's complaint, it appears that [the] plaintiff sought an arrest warrant of [d]efendant Payton and/or other law enforcement officers for actions taken while in the performance of their duties." The court agrees.

4

above individuals had legal authority to issue the arrest warrant the plaintiff sought. The court agrees. Georgia state law is clear that only a judge can issue an arrest warrant for a law enforcement officer for an offense alleged to have been committed during the course of the performance of the law enforcement officer's duties. O.C.G.A. § 17-4-40(c).

Additionally, Officer Payton and the City of Cedartown argue that the plaintiff's complaint should be dismissed because they cannot be held liable for the actions or inaction of a Polk County Probate Judge or a Polk County Superior Court Judge for their refusal to issue an arrest warrant "because said judges are independent constitutional officers and neither Payton, a police officer, nor the City of Cedartown, has any control of their judges." Again the court agrees. No legal authority exists to support the proposition that either defendant could be held liable based on any alleged action and/or inaction committed by either Judge. Therefore, the court concludes that the plaintiff's allegations fail to state a claim upon which relief can be granted.

### III. Conclusion

For the above reasons, the court GRANTS defendants Officer Payton and the City of Cedartown's motion for judgment on the pleadings [Doc. No. 12]. All parties and claims having been dismissed, Polk County's motion for an entry of a final judgment pursuant to FRCP Rule 54(b) is unnecessary and the court DISMISSES that motion as moot [Doc. No. 11]. The clerk is directed to enter final judgment in favor of all defendants.

SO ORDERED, this 20TH day of January, 2006.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge